IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 14-cv-573-TCK-FHM |
| (1) HELMERICH & PAYNE INTERNATIONAL DRILLING CO., | ) ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325 ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Francisco Salinas who was adversely affected by such policies and practices.  As alleged with greater particularity in paragraph eight (8) below, the Equal Employment Opportunity Commission alleges that Defendant, Helmerich & Payne, International Drilling Co. ("Defendant" or "H&P"), discriminated against Francisco Salinas because of his disability, a chronic and permanent back injury which includes disk displacement, lumbersacral neuritis and lumbago, or because he was regarded as disabled. The EEOC also alleges that Defendant subjected Francisco Salinas and other employees to an unlawful qualification standard that screens out or tends to screen out an individual with a disability and which is not job related and consistent with business necessity.  Defendant excluded Francisco Salinas from employment based on a policy that barred employees from working if prescribed medications such as hydrocodone and Valium, which Defendant identified as "medications that

could cause impaired job performance." The Equal Employment Opportunity Commission further alleges that Defendant, H&P violated the ADA by utilizing a medical testing policy which subjects employees to disability related inquiries and medical examinations that are not both job related and consistent with business necessity. These disability related inquiries and medical examinations include, but are not limited to drug testing employees for certain prescribed medications at any time without notice and requiring employees to self-disclose prescribed medications to management.

## JURISDICTION AND VENUE

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.The employment practices alleged to be unlawful were and are now being committed at H&P's facilities including, but not limited to its operations in Alice, Texas, at its corporate headquarters in Tulsa, Oklahoma. These unlawful policies are being practiced within the jurisdiction of the United States District Court for the Northern District of Oklahoma, and other jurisdictions.

## PARTIES

3.Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, H&P, has continuously been a Delaware corporation doing business in the State of Oklahoma and the City of Tulsa, as well as other jurisdictions, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, H&P, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, H&P, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Francisco Salinas filed a charge with the Commission alleging violations of Title I of the ADA by Defendant, H&P. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about June 9, 2011, and continuing thereafter, Defendant, H&P, has engaged in a continuing course of unlawful employment practices at its facilities in Alice, Texas; Tulsa, Oklahoma; and other facilities throughout the United States, in violation of Section 102(a) & (d)(4) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (d)(4). The unlawful employment practices include the following:

   a. Subjecting, an employee, Francisco Salinas, to unlawful medical examinations and/or medical inquiries in that Francisco Salinas was required to undergo drug-testing for prescribed medications and was required to self-disclose prescribed medications to H&P's management;

   b. Placing Francisco Salinas on involuntary leave because of his disability or because he was regarded as disabled;

   c. Terminating Francisco Salinas' employment because of his disability or because he was regarded as disabled;

      d.      Terminating Francisco Salinas based on an unlawful qualifying standard that barred Francisco Salinas from working while being prescribed the medications of hydrocodone and Valium, even thought Francisco Salinas ability to safely perform his job duties had not been impaired by these prescribed medications; and

      e.      Engaging in a practice of subjecting employees to disability related inquiries and medical examinations that are not both job related and consistent with business necessity, including, but not limited to, testing employees for legally prescribed medications and requiring employees to disclose prescribed medications to H&P's management.

    9.    The effect of the practices complained of in paragraph eight (8) above has been to deprive Francisco Salinas of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his disability or because he was regarded as disabled.

    10.    The unlawful employment practices complained of in paragraph eight (8) above were and are intentional.

    11.    The unlawful employment practices complained of in paragraph eight (8) above were and are done with malice or with reckless indifference to the federally protected rights of Francisco Salinas.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, H&P, its officers, employees, agents, servants, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified individuals with disabilities, or persons regarded as disabled, by: (1) subjecting employees to unlawful disability-related medical inquiries, including testing for prescribed medications and requiring disclosure of prescribed medications to H&P's management; (2) subjecting employees to disparate treatment because of their disabilities or because they are regarded as disabled; (3) engaging in any other employment practice which discriminates on the basis of disability; and (4) by maintaining and enforcing a medical

examination policy for employees that is not job related and consistent with business necessity, in violation of the ADA;

  B. Order Defendant, H&P, to cease its practice and procedure of administering medical testing and medical inquiries to all employees, at every location where the policy is in effect and to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, that prohibit Defendant, H&P, from subjecting employees to unlawful disability-related medical exams and/or inquiries, and which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant, H&P, to make whole Francisco Salinas, by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Francisco Salinas, or front pay in lieu thereof;

  D. Order Defendant, H&P, to make whole Francisco Salinas, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  E. Order Defendant, H&P, to make whole Francisco Salinas by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including, but not limited to, emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order Defendant, H&P, to pay Francisco Salinas punitive damages for engaging in discriminatory practices with malice or reckless indifference to Francisco Salinas's federally protected rights, as described in paragraph eight (8) above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        /s/ Robert A. Canino
        _____
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782


        /s/ Robert A. Canino
        by permission of David Rivela
        _____
        DAVID RIVELA
        Senior Trial Attorney
        Texas State Bar No. 00797324
        E-mail: david.rivela@eeoc.gov

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        San Antonio Field Office
        5410 Fredericksburg Rd., Suite 200

        San Antonio, Texas 78229-3555
        Telephone: (210) 281-7619
        Facsimile: (210) 281-7669

        **ATTORNEYS FOR PLAINTIFF**